The judgment of the court was pronounced by
Rost, J.
This suit is for the same cause of action as that between the same parties, decided by us and reported in 1st Ann. 229. In that case there was a judgment as of non-suit against the plaintiff, because after having acknowledged to the officer who made the inventory of the succession which he sues, that he had in his possession moneys belonging to the deceased, he refused to declare the amount or to render any account of it; thus depriving us of the means of ascertaining the truth and reality of his claim.
Without making any disclosure, he has renewed the action against the succession. A judgment of non-suit has been rendered against him, and he has appealed.
There is nothing in the record to induce us to change our former opinion. The deceased lived with the plaintiff at the time of her death; this circumstance corroborates his statement. He urges that the defendant should have propounded interrogatories to him, and trusted to his conscience. The course he has pursued authorized the defendant to believe that this mode of proceeding would have been attended with danger; and unless he believed that the plaintiff had a conscience, he cannot be blamed for not appealing to it.
It is urged that the parish judge who testified to the declaration of the plaintiff misunderstood him, and that he said, or meant to say, that he had a note of George Peiry in favor of the deceased for sixty dollax's.
*600 The testimony of the parish judge is positive and uncontradicted; it shows not only that the plaintiff had money, but also that he had taken legal advice, and that, in refusing to surrender it, he was acting under that advice. Who his counsel was does not appear.
The evidence of Petry does not contradict that of the parish judge; it only shows that besides money, the plaintiff held anote belonging to the deceased, which he concealed at the taking of the inventory.
It is urged, that if the court persist in their opinion, the plaintiff never can recover what is alleged to be justly his due. The only answer to this argument is, that the ways of the transgressor are hard, and that if a party litigant does not come into courts of justice with clean hands, he has no right to complain of the consequences of his misconduct.
We have deemed it unnecessary to notice the plea of prescription; but it may prevent further litigation to state, that article 3499 of the C. C. establishing the prescription of one year against inn-keepers and others, has been applied by us to claims for board in private houses.
The judgment is affirmed, with costs.